IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MIRIAM S. MARTINEZ, individually and on behalf of the classes defined herein, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 08 CV 3519 |
| v. | ) ) | JUDGE PALLMEYER |
| RESURGENCE FINANCIAL, LLC, | ) ) | MAGISTRATE JUDGE MASON |
| Defendants. | ) | |

## ANSWER

Defendant, RESURGENCE FINANCIAL, LLC, ("defendant"), by its attorneys, David

M. Schultz and Todd P. Stelter, for its Answer to plaintiff's Complaint, states as follows:

## MATTERS COMMON TO MULTIPLE CLAIMS

### INTRODUCTION

1.     This action seeks redress for the conduct of defendant, a debt buyer, in filing

falsified and fraudulent documents in collection lawsuits brought to collect purported debts

which it claims to have purchased.

**ANSWER:     Defendant admits that plaintiff's complaint purports to seek redress**

**for the alleged filing of purportedly falsified and fraudulent documents.  Defendant denies**

**filing falsified or fraudulent documents, denies liability and denies violating any law.**

2.     In this action, plaintiff complains that such practice violates both the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692e ("FDCPA"), the Illinois Collection Agency Act, 225

ILCS 425/1 et seq. ("ICAA"), and the Illinois Consumer Fraud Act, 815 ILCS 505/2.

**ANSWER:     Defendant admits that plaintiff's complaint purports to allege**

**violations of the FDCPA, ICAA and Illinois Consumer Fraud Act.  Defendant denies**

violating the FDCPA, ICAA and Illinois Consumer Fraud Act. Defendant denies all remaining allegations contained within this paragraph.

## VENUE AND JURISDICTION

3.    This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

**ANSWER:    Defendant admits that this Court has subject matter jurisdiction due to plaintiff's federal question allegations. Defendant denies any remaining allegations contained within this paragraph.**

4.    Venue and personal jurisdiction in this District are proper because:

a.    Defendant's collection communications and activities impacted plaintiff within this District;

b.    Defendant does business and is headquartered within this District.

**ANSWER:    Defendant admits being listed as a plaintiff in lawsuits filed in this District by its licensed counsel. Defendant admits that it is a licensed collection agency in the state of Illinois. Defendant denies all remaining allegations contained within this paragraph.**

## PARTIES

5.    Plaintiff Miriam S. Martinez is an individual who resides in the Northern District of Illinois.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

6.    Defendant Resurgence Financial, LLC is a limited liability company organized under Illinois law with its principal offices at 4100 Commercial Avenue, Northbrook, Illinois 60062.

6350188v1 59845

**ANSWER:**     **Defendant admits the allegations contained within this paragraph.**

7.     Defendant Resurgence Financial, LLC brings lawsuits though employed legal staff who operate from its offices at 4100 Commercial Avenue, Northbrook, Illinois 60062. The conduct complained of occurred at that location.

**ANSWER:**     **Defendant admits its legal department is located at 4100 Commercial Avenue, Northbrook, Illinois 60062.  Defendant admits its licensed attorneys file lawsuits in Cook County, Illinois.  Defendant denies all remaining allegations contained within this paragraph.**

8.     Defendant Resurgence Financial, LLC's registered agent and office are Nathan M. Grossman, 20 S. Clark, Suite 1650, Chicago, IL 60603.

**ANSWER:**     **Defendant admits the allegations contained within this paragraph.**

9.     Defendant Resurgence Financial, LLC is engaged in the business of enforcing charged-off consumer debts allegedly purchased from others against consumers. Such debts are often referred to as "zombie debts." Eileen Ambrose, "Zombie Debt; Debt Can Come Back to Haunt You Years Later," The Baltimore Sun, May 6, 2007, p. 1C ("Zombie debt is just that - an old debt that won't die off.  It may be passed from one debt buyer to another, for years, until one day consumers are startled to find a collector demanding payment.").

**ANSWER:**     **Defendant admits that it is a licensed collection agency in the state of Illinois and collects debt.  Defendant denies any remaining allegations contained within this paragraph.**

10.     On information and belief, based on industry reports, defendant Resurgence Financial, LLC pays almost nothing for the "rights" it acquires, less than ten cents on the dollar on the average.

3

**ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

11.    On information and belief, because it pays so little, Resurgence Financial, LLC does not obtain any genuine documents relating to the debts it claims to purchase.

**ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

12.    Defendant Resurgence Financial, LLC has been the plaintiff in more than 500 Illinois lawsuits filed since January 1, 2008 and seeking to collect consumer debts. It also files lawsuits in Indiana and Wisconsin.

**ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

13.    Defendant Resurgence Financial, LLC regularly uses the mails and telephones to conduct its business.

**ANSWER:**    **Defendant admits that it has used mail and telephones.  Defendant denies any remaining allegations contained within this paragraph.**

14.    Because the purported obligations were originally owed to other entities and were charged off prior to its involvement with them, defendant Resurgence Financial, LLC is a "debt collector" as defined in the FDCPA.

**ANSWER:**    **Defendant admits that it is a licensed collection agency in the state of Illinois and collects debt.  Defendant denies any remaining allegations contained within this paragraph.**

15.    Resurgence Financial, LLC is also a "collection agency" as defined in the ICAA.

**ANSWER:**    **Defendant admits that it is a licensed collection agency in the state of Illinois and collects debt.  Defendant denies any remaining allegations contained within this paragraph.**

## FACTS RELATING TO PLAINTIFF

4

16.     On or about April 30, 2008, Resurgence Financial, LLC filed suit against plaintiff Miriam S. Martinez in the Circuit Court of Cook County to collect a purported debt incurred for personal, family or household purposes. Resurgence Financial, LLC claimed to have purchased the debt, a Citibank South Dakota Dividend credit card that was charged off on January 19, 2006, and which would have become delinquent 180 days previously, or in July 2005.

**ANSWER:     Defendant admits filing the lawsuit through licensed counsel. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph regarding what plaintiff incurred the debt for.  Defendant denies all remaining allegations contained within this paragraph.**

17.     The standard form complaint represented that "[a] copy of the Agreement containing the terms and conditions governing the use of the credit card is attached hereto, made a part hereof, and marked as Exhibit B."

**ANSWER:     Defendant admits that plaintiff purports to cite to an out-of-context-portion and incomplete portion of the state court complaint text.  Defendant denies any remaining allegations contained within this paragraph.**

18.     The complaint and exhibits are attached as Appendix A.

**ANSWER:     Defendant admits that a photocopy of the state court complaint and exhibits are purportedly attached to plaintiff's complaint as Appendix A.**

19.     The purported contract is unsigned. Resurgence alleged in the complaint that it became binding on the cardholder because "[t]hereafter," following receipt of the document "Defendant incurred charges by use of the credit card."

5

**ANSWER:    Defendant admits that plaintiff purports to cite to an out-of-context-portion and incomplete portion of the state court complaint text.  Defendant denies any remaining allegations contained within this paragraph.**

20.    The purported agreement is identical to that attached to the Barrera and Felton complaints described below, even though (a) it is impossible that a document with a copyright date of 2006 and revision dates of June 2006 and July 2006 could govern a credit card which went into default in July 2005 and (b) Martinez, Barrera and Felton had different types of Citibank credit cards.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

21.    Because it paid so little for its "rights" that no genuine documentation was supplied, defendant Resurgence Financial, LLC embarked upon a scheme to fraudulently pass off a false document as the agreement to which numerous debtors were parties.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

22.    Plaintiff was damaged as a result, in that she was required to retain counsel who had to analyze and deal with fictitious and fraudulent documents.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

23.    The filing of collection lawsuits is regularly picked up and reported by credit bureaus.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

## OTHER EXAMPLES OF PRACTICE

### Dionisia Barrera

24.    On or about May 1, 2008, Resurgence Financial, LLC filed suit against Dionisia Barrera in the Circuit Court of Cook County to collect a purported debt incurred for personal,

6350188v1 59845

family or household purposes. Resurgence Financial, LLC claimed to have purchased the debt, a Citibank South Dakota Classic credit card that was charged off on June 7, 2006 and which would have become delinquent 180 days previously, or in December 2005.

**ANSWER:    Defendant admits filing the lawsuit through licensed counsel. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph regarding what plaintiff incurred the debt for.  Defendant denies all remaining allegations contained within this paragraph.**

25.    The standard form complaint represented that "[a] copy of the Agreement containing the terms and conditions governing the use of the credit card is attached hereto, made a part hereof, and marked as Exhibit B."

**ANSWER:    Defendant admits that plaintiff purports to cite to an out-of-context-portion and incomplete portion of the state court complaint text.  Defendant denies any remaining allegations contained within this paragraph.**

26.    The complaint and exhibits are attached as <u>Appendix B</u>.

**ANSWER:    Defendant admits that a photocopy of the state court complaint and exhibits are purportedly attached to plaintiff's complaint as Appendix B.**

27.    Very close examination of the purported agreement reveals that it has revision dates of June 2006 and July 2006.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

28.    The purported contract is unsigned. Resurgence alleged in its complaint that it became binding on the cardholder because "[t]hereafter," following receipt of the document "Defendant incurred charges by use of the credit card."

7

**ANSWER:**    Defendant admits that plaintiff purports to cite to an out-of-context-portion and incomplete portion of the state court complaint text.   Defendant denies any remaining allegations contained within this paragraph.

29.    Based on the alleged charge-off and delinquency dates, no document sent later than December 2005 could possibly govern the consumer's relationship.

**ANSWER:**    Defendant denies the allegations contained within this paragraph.

30.    The purported agreement is identical to that attached to the Martinez complaint, even though (a) it is impossible that a document with a copyright date of 2006 and revision dates of June 2006 and July 2006 could govern a credit card which went into default in December 2005 and (b) Barrera had a different type of credit card than Martinez.

**ANSWER:**    Defendant denies the allegations contained within this paragraph.

### Cheyenne Felton

31.    On or about May 3, 2008, Resurgence Financial, LLC filed suit against Cheyenne Felton in the Circuit Court of Cook County to collect a purported debt incurred for personal, family or household purposes. Resurgence Financial, LLC claimed to have purchased the debt, a Citibank South Dakota Citidiamond Preferred credit card that was charged off on June 15, 2006 and which would have become delinquent 180 days previously, or in December 2005.

**ANSWER:**    Defendant admits filing the lawsuit through licensed counsel. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph regarding what plaintiff incurred the debt for. Defendant denies all remaining allegations contained within this paragraph.

32.    The standard form complaint represented that "[a] copy of the Agreement containing the terms and conditions governing the use of the credit card is attached hereto, made a part hereof, and marked as Exhibit B."

6350188v1 59845

**ANSWER:    Defendant admits that plaintiff purports to cite to an out-of-context-portion and incomplete portion of the state court complaint text.  Defendant denies any remaining allegations contained within this paragraph.**

33.    The complaint and exhibits are attached as Appendix C.

**ANSWER:    Defendant admits that a photocopy of the state court complaint and exhibits are purportedly attached to plaintiff's complaint as Appendix C.**

34.    The purported contract is unsigned. Resurgence alleged in the complaint that it became binding on the cardholder because "[t]hereafter," following receipt of the document "Defendant incurred charges by use of the credit card."

**ANSWER:    Defendant admits that plaintiff purports to cite to an out-of-context-portion and incomplete portion of the state court complaint text.  Defendant denies any remaining allegations contained within this paragraph.**

35.    The purported agreement is identical to that attached to the Martinez and Barrera complaints, even though (a) it is impossible that a document with a copyright date of 2006 and revision dates of June 2006 and July 2006 could govern a credit card which went into default in December 2005 and (b) Felton had a different type of credit card than Martinez and Barrera.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

### COUNT I – FDCPA – CLASS CLAIM

36.    Plaintiff incorporates paragraphs 1-35.

**ANSWER:    Defendant incorporates its responses to paragraphs 1-35.**

37.    Defendant thereby violated 15 U.S.C. §§1692e, 1692e(2), and 1692e(l0).

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

38.    Section 1692e provides:

§ 1692e.    False or misleading representations [Section 807 of P.L.]

9

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

    (2)    The false representation of

        (A)    the character, amount, or legal status of any debt; . . .

    (10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....

**ANSWER:**    **Defendant admits that plaintiff's complaint purports to cite a portion of the FDCPA. Defendant denies violating any portion the FDCPA.**

### CLASS ALLEGATIONS,

39.    Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3). The class consists of (a) all individuals (b) against whom defendant Resurgence Financial, LLC filed a collection lawsuit (c) in Illinois, Indiana or Wisconsin (d) on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action, (e) alleging a Citibank credit card debt charged off prior to July 1, 2006 (f) that had attached to it any purported Citibank credit card agreement with a date of 2006 or later.

**ANSWER:**    **Defendant admits that plaintiff's complaint purports to bring this action on behalf of a class. Defendant denies that a class should be certified.**

40.    The class is so numerous that joinder of all members is not practicable.

**ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

41.    On information and belief, there are at least 40 individuals against whom defendant Resurgence Financial, LLC filed a collection lawsuit in Illinois, Indiana or Wisconsin, on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action, alleging a Citibank credit card debt charged off prior to July 1, 2006, that had attached to it a purported Citibank credit card agreement with a date of 2006 or later.

6350188v1 59845

**ANSWER:**    **Defendant admits the allegations contained within this paragraph.**

42.    There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

a.    Whether defendant engages in a practice of filing fraudulent documents in lawsuits;

b.    Whether such practice violates the FDCPA.

**ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

43.    Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

44.    Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

**ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

45.    A class action is superior for the fair and efficient adjudication of this matter, in that:

a.    Individual actions are not economically feasible;

b.    Members of the class are likely to be unaware of their rights;

c.    Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

<u>**COUNT II – ILLINOIS COLLECTION AGENCY ACT – CLASS CLAIM**</u>

46.    Plaintiff incorporates paragraphs 1-35.

**ANSWER:**    **Defendant incorporates its responses to paragraphs 1-35.**

11

47.    Defendant is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

**ANSWER:    Defendant admits that it is a licensed collection agency in the state of Illinois. Defendant denies all remaining allegations contained within this paragraph.**

48.    Section 425/3(d), as amended effective January 1, 2008, brings debt buyers within its purview by providing that "[a] person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it ... [b]uys accounts, bills or other indebtedness and engages in collecting the same."

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

49.    Previously coverage was limited to a person who "[b]uys accounts, bills or other indebtedness with recourse and engages in collecting the same".

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

50.    By deleting "with recourse," the legislature intended to classify as a "collection agency" persons such as the defendant who buy charged-off debts for their own account.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

51.    Defendant violated the following provisions of 225 ILCS 425/9:

. . . (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .

(31) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.

**ANSWER:    Defendant admits that plaintiff's complaint purports to cite a portion of the ICAA. Defendant denies violating any portion of the ICAA.**

52.    A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

6350188v1  59845

## CLASS ALLEGATIONS

53.     Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23 (b)(3). The class consists of (a) all individuals (b) against whom defendant Resurgence Financial, LLC filed a collection lawsuit (c) in Illinois (d) on or after January 1, 2008, and on or before a date 20 days after the filing of this action, (e) alleging a Citibank credit card debt charged off prior to July 1, 2006 (f) that had attached to it any purported Citibank credit card agreement with a date of 2006 or later.

**ANSWER:    Defendant admits that plaintiff's complaint purports to bring this action on behalf of a class. Defendant denies that a class should be certified.**

54.     The class is so numerous that joinder of all members is not practicable.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

55.     On information and belief, there are at least 40 individuals against whom defendant Resurgence Financial, LLC filed a collection lawsuit in Illinois, on or after January 1, 2008, and on or before a date 20 days after the filing of this action, alleging a Citibank credit card debt charged off prior to July 1, 2006 that had attached to it a purported Citibank credit card agreement with a date of 2006 or later.

**ANSWER:    Defendant admits that allegations contained within this paragraph.**

56.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

a.     Whether defendant engages in a practice of filing fraudulent documents in lawsuits;

b.     Whether such practice violates the ICAA.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

13

57.    Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

58.    Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and collection abuse litigation.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

59.    A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.    Individual actions are not economically feasible;

    b.    Members of the class are likely to be unaware of their rights;

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

## COUNT III — ILLINOIS CONSUMER FRAUD ACT — CLASS CLAIM

60.    Plaintiff incorporates paragraphs 1-35.

**ANSWER:    Defendant incorporates its responses to paragraphs 1-35.**

61.    Defendant's conduct as set forth above constitutes both unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

62.    Defendant engaged in such conduct in the course of trade and commerce.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

63.    Defendant engaged in such conduct for the purpose of obtaining money from and injuring the credit of plaintiff and others.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

64.    Plaintiff and the members of the class were damaged as a result.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

14

## CLASS ALLEGATIONS

65.    Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3). The class consists of (a) all individuals (b) against whom defendant Resurgence Financial, LLC filed a collection lawsuit (c) in Illinois (d) on or after July 1, 2006, and on or before a date 20 days after the filing of this action, (e) alleging a Citibank credit card debt charged off prior to July 1, 2006 (f) that had attached to it any purported Citibank credit card agreement with a date of 2006 or later.

**ANSWER:    Defendant admits that plaintiff's complaint purports to bring this action on behalf of a class.  Defendant denies that a class should be certified.**

66.    The class is so numerous that joinder of all members is not practicable.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

67.    On information and belief, there are at least 40 individuals against whom defendant Resurgence Financial, LLC filed a collection lawsuit in Illinois, on or after July 1, 2006, and on or before a date 20 days after the filing of this action, alleging a Citibank credit card debt charged off prior to July 1, 2006 that had attached to it a purported Citibank credit card agreement with a date of 2006 or later.

**ANSWER:    Defendant admits the allegations contained within this paragraph.**

68.    There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

      a.    Whether defendant engages in a practice of filing fraudulent documents in lawsuits;

      b.    Whether such practice violates the Illinois Consumer Fraud Act.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

6350188v1 59845

69.    Plaintiffs claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

70.    Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and collection abuse litigation.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

71.    A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.    Individual actions are not economically feasible;

    b.    Members of the class are likely to be unaware of their rights.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

## COUNT IV – FDCPA – INDIVIDUAL CLAIM

72.    Plaintiff incorporates paragraphs 1-36.

**ANSWER:    Defendant incorporates its responses to paragraphs 1-36.**

73.    There is a substantial problem with debt buyers suing on debts that they do not own and have no right to sue on.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

74.    There are multiple reported cases in which debtors have been subjected to litigation because they "settled" with A and then B claimed to own the debt. *Smith v. Mallick*, 514 F.3d 48 (D.C. Cir. 2008) (commercial debt purchased and resold by debt buyer, debt buyer [possibly fraudulently] settles debt it no longer owns, settlement held binding because notice of assignment not given, but obligor subjected to litigation as result). See also, *Miller v. Wolpoff & Abramson, LLP*, 1 :06-CV-207-TS, 2008 U.S. Dist. LEXIS 12283 (N.D. Ind., Feb. 19, 2008),

6350188v1 59845

where a debtor complained he had been sued twice on the same debt; *Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918, 923 (N.D. Ill. 2000), where the debtor claimed he settled with one agency and was then dunned by a second for the same debt, and *Northwest Diversified, Inc. v. Desai*, 353 Ill.App.3d 378, 818 N.E.2d 753 (1st Dist. 2004), where a commercial debtor paid the creditor only to be subjected to a levy by a purported debt buyer.

      **ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

      75.    In *Wood v. M&J Recovery LLC*, CV 05-5564, 2007 U.S. Dist. LEX[S 24157 (E.D. N.Y., Apr. 2, 2007), a debtor complained of multiple collection efforts by various debt buyers and collectors on the same debt, and the defendants asserted claims against one another disputing the ownership of the portfolio involved.  Shekinah alleged that it sold a portfolio to NLRS, that NLRS was unable to pay, that the sale agreement was modified so that NLRS would only obtain 1/5 of the portfolio, and that the 1/5 did not include the plaintiffs debt. Portfolio claimed that it and not Shekinah is the rightful owner of the portfolio.

      **ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

      76.    In *Associates Financial Services Co. v. Bowman, Heintz, Boscia & Vician, P.C.*, IP 99-1725-C-M/S, 2001 U.S. Dist. LEXIS 7874, *9-12 (S.D. Ind., Apr. 25, 2001), later opinion, 2004 U.S. Dist. LEXIS 6520 (S.D. Ind., Mar. 31, 2004), allegations were made that a creditor had continued to collect accounts allegedly sold to a debt buyer.

      **ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

6350188v1 59845

77.    An article that appeared in the trade press shortly before the extension of the

Illinois Collection Agency Act to debt buyers stated:

> More collection agencies are turning to the debt resale market as a place to pick up
> accounts to collect on. Too small to buy portfolios directly from major credit issuers, they
> look to the secondary market where portfolios are resold in smaller chunks that they can
> handle.

> But what they sometimes find in the secondary market are horror stories: The same
> portfolio is sold to multiple buyers; the seller doesn't actually own the portfolio put up for
> sale; half the accounts are out of statute; accounts are rife with erroneous information;
> access to documentation is limited or nonexistent....

Corinna C. Petry, <u>Do Your Homework: Dangers often lay hidden in secondary market debt</u>

<u>portfolio offerings. Here are lessons from the market pros that novices can use to avoid nasty</u>

<u>surprises</u>, Collections & Credit Risk, March 2007, pg. 24, Vol. 12, No. 3. The article quoted an

officer of an Illinois debt buyer who had purchased, or ostensibly purchased, bad paper.

**ANSWER:    Defendant is without knowledge or information sufficient to form a**

**belief as to the truth of the allegations contained within this paragraph.**

78.    Courts have also dismissed numerous collection and foreclosure lawsuits filed in

the names of entities that did not own the purported debts. *In re Foreclosure Cases*, 1:07CV2282

and 14 others, 2007 U.S. Dist. LEXIS 84011, 2007 WL 3232430 (N.D. Ohio, Oct. 31, 2007); *In*

*re Foreclosure Cases*, 07-cv-166 and 18 others, 2007 U.S. Dist. LEXIS 90812 (S.D. Ohio, Nov.

27, 2007); *In re Foreclosure Cases*, 521 F. Supp. 2d 650 (S.D. Ohio 2007); *In re Foreclosure*

*Cases*, 07-cv-166 and 14 others, 2007 U.S. Dist. LEXIS 95673 (S.D. Ohio, Dec. 27, 2007);

*NovaStar Mortgage, Inc. v. Riley*, 3:07-CV-397, 2007 U.S. Dist. LEXIS 86216 (S.D.Ohio, Nov.

21, 2007); *NovaStar Mortgage, Inc. v. Grooms*, 3:07-CV-395, 2007 U.S. Dist. LEXIS 86214

(S.D. Ohio, Nov. 21, 2007); *HSBC Bank USA v. Rayford*, 3:07-CV-428, 2007 U.S. Dist. LEXIS

86215 (S.D. Ohio, Nov. 21, 2007); *Everhome Mtge. Co. v. Rowland*, 2008 Ohio 1282; 2008 Ohio

App. LEXIS 1103 (Ohio App., Mar. 20, 2008) (judgment for plaintiff reversed because it failed

to introduce assignment or establish that it was the holder of the note and mortgage); *Deutsche Bank National Trust Co. v. Castellanos*, 277/07, 2008 NY Slip Op 50033U; 18 Misc. 3d 1115A; 2008 N.Y. Misc. LEXIS 44; 239 N.Y.L.J. 16 (Kings Co., N.Y., Sup. Ct., Jan. 14, 2008); *HSBC Bank USA, N.A. v. Valentin*, 15968/07, 2008 NY Slip Op 50164U; 14 Misc. 3d 1123A; 2008 N.Y. Misc. LEXIS 229 (Kings Co., N.Y., Sup. Ct., Jan. 30, 2008); *HSBC Bank USA, N.A. v. Cherry*, 21335/07, 2007 NY Slip Op 52378U; 18 Misc. 3d 1102A; 2007 N.Y. Misc. LEXIS 8279; 239 N.Y.L.J. 2 (Kings Co., N.Y. Sup. Ct., Dec. 17, 2007); *Deutsche Bank National Trust Co. v. Castellanos*, 15 Misc. 3d 1134A; 841 N.Y.S.2d 819 (Kings. Co., N.Y. Sup. Ct. 2007).

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

79.    Debt buyer American Acceptance filed a lawsuit alleging that a broker of charged-off debts sold it debts to which it did not have title. American Acceptance Co. v. Goldberg, 2:08cv9 (N.D. Ind.). Another debt buyer, Hudson & Keyse, filed suit alleging that the same debt broker obtained information about consumer debts owned by Hudson & Keyse and used the information to try to collect the debts for its own account, even though it didn't own them. *Hudson & Keyse, LLC v. Goldberg & Associates*, LLC 07-81047-civ (S.D. Fla., filed Nov. 5, 2007). A similar suit, alleging that the broker resold accounts it did not own, was filed by Old National Bank, Old National Bank v. Goldberg & Associates, 9:08-cv-80078-DMM (S.D.Fla., Jan. 24, 2008). The same debt broker is accused in another complaint of selling 6,521 accounts totaling about $40 million face value which it did not own. RMB Holdings, LLC v. Goldberg & Associates, LLC, 3:07-cv-00406 (E.D. Term., filed Oct. 29, 2007). Other debt buyers have voiced similar complaints. "Florida Broker Faces Multiple Lawsuits," Collections & Credit Risk, April 2008, p. 8.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

80.    In order to protect Illinois residents against this sort of abuse, the Illinois Collection Agency Act ("ICAA") was amended effective January 1, 2008 to define debt buyers as "collection agencies." This makes applicable the special assignment requirements in ICAA §8b, 225 ILCS 425/8b. Illinois courts had held prior to the amendment that a party that was required to but did not have such an assignment does not have a valid claim and that the defendant in such a case is entitled to judgment. *Business Service Bureau, Inc. v. Webster*, 298 Ill. App. 3d 257; 698 N.E.2d 702 (4th Dist. 1998).

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

81.    Section 8b of the ICAA provides:

Sec. 8b. An account may be assigned to a collection agency for collection with title passing to the collection agency to enable collection of the account in the agency's name as assignee for the creditor provided:

(a) The assignment is manifested by a written agreement, separate from and in addition to any document intended for the purpose of listing a debt with a collection agency. The document manifesting the assignment shall specifically state and include:

(i) the effective date of the assignment; and

(ii) the consideration for the assignment.

(b) The consideration for the assignment may be paid or given either before or after the effective date of the assignment. The consideration may be contingent upon the settlement or outcome of litigation and if the claim being assigned has been listed with the collection agency as an account for collection, the consideration for assignment may be the same as the fee for collection.

(c) All assignments shall be voluntary and properly executed and acknowledged by the corporate authority or individual transferring title to the collection agency before any action can be taken in the name of the collection agency.

(d) No assignment shall be required by any agreement to list a debt with a collection agency as an account for collection.

6350188v1 59845

(e) No litigation shall commence in the name of the licensee as plaintiff unless: (i) there is an assignment of the account that satisfies the requirements of this Section and (ii) the licensee is represented by a licensed attorney at law. . . .

**ANSWER:    Defendant admits that plaintiff's complaint purports to cite a portion of the ICAA. Defendant denies violating any portion of the ICAA.**

82.    Furthermore, the assignment must be attached to the complaint. *Candice Co. v. Ricketts*, 281 Ill.App.3d 359, 362, 666 N.E.2d 722 (1st Dist. 1996).

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

83.    Finally, the assignee is required "in his or her pleading on oath allege that he or she is the actual bona fide owner thereof, and set forth how and when he or she acquired title...." 735 ILCS 5/2-403(a).

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

84.    Defendant Resurgence Financial, LLC, a debt buyer regulated by the ICAA since January 1, 2008, systematically files collection lawsuits without compliance with ICAA §8b and, therefore, without valid claims.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

85.    The complaint filed against plaintiff did not attach an assignment that complied with §8b of the Collection Agency Act. On information and belief, defendant did not have any such assignment.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

86.    Defendant therefore did not have any sort of valid claim and knew or should have known that it did not have a valid claim.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

87.    The filing and prosecution of collection lawsuits notwithstanding a known defense, in the hope that the consumer will not raise the defense, is both a deceptive collection

6350188v1 59845

practice, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(l0), and an unfair

collection practice, in violation of 15 U.S.C. §1692f.

<u>ANSWER:</u>    **Defendant denies the allegations contained within this paragraph.**

88.    Since *Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480, 1488 (M.D. Ala.

1987), "bringing a lawsuit to which there appears to exist a complete defense" in the hope that

the consumer will not realize it exists and will default or pay has been a violation of the FDCPA.

<u>ANSWER:</u>    **Defendant denies the allegations contained within this paragraph.**

89.    In addition, by filing suit defendant misrepresents that it has proper title to the

debt and the right to file suit, when this is not true.

<u>ANSWER:</u>    **Defendant denies the allegations contained within this paragraph.**

90.    Section 1692e provides:

§ 1692e.    False or misleading representations [Section 807 of P.L.]

A debt collector may not use any false, deceptive, or misleading representation or
means in connection with the collection of any debt. Without limiting the general
application of the foregoing, the following conduct is a violation of this section: . . .

(2)    The false representation of-

(A)    the character, amount, or legal status of any debt; . . .

(5)    The threat to take any action that cannot legally be taken or that is not
intended to be taken. . . .

(10)    The use of any false representation or deceptive means to collect or
attempt to collect any debt or to obtain information concerning a consumer....

<u>ANSWER:</u>    **Defendant admits that plaintiff's complaint purports to cite a portion**

**of the FDCPA.  Defendant denies violating any portion the FDCPA.**

91.    Section 1692f provides:

§ 1692f.    Unfair practices [Section 808 of P.L.]

6350188v1 59845

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .

**ANSWER:**    **Defendant admits that plaintiff's complaint purports to cite a portion of the FDCPA. Defendant denies violating any portion the FDCPA.**

## COUNT V – ILLINOIS COLLECTION AGENCY ACT

92.    Plaintiff incorporates paragraphs 1-36 and 74-87.

**ANSWER:**    **Defendant incorporates its responses to paragraphs 1-36 and 74-87.**

93.    Defendant violated 225 ILCS 425/8b by filing suit without an assignment in the form specified therein.

**ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

94.    Defendant negligently or knowingly violated the following provisions of 225 ILCS 425/9:

> **. . .(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.**

**ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

95.    A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

**ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

96.    Plaintiff was damaged as a result.

**ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

**WHEREFORE,** defendant prays for an order and judgment of this Court in its favor against plaintiff as follows:

1.    Dismissing all causes of action against defendant with prejudice and on the merits; and

6350188v1 59845

2. Awarding defendant such other and further relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, RESURGENCE FINANCIAL, LLC, ("defendant"), by its attorneys, David M. Schultz and Todd P. Stelter, for its Affirmative Defenses to plaintiff's complaint, states as follows:

### FIRST DEFENSE

Plaintiff's complaint fails to state a cause of action upon which relief may be granted.

### SECOND DEFENSE

Any violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, if applicable, which defendant denies, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### THIRD DEFENSE

Upon information and belief, plaintiff may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the subject matter set forth in the instant litigation.

### FOURTH DEFENSE

Plaintiff's claims are barred by his lack of standing. To obtain standing to assert claims under the Illinois Collection Agency Act, plaintiff must suffer actual damages. Plaintiff has suffered no actual damages.

### FIFTH DEFENSE

The Illinois Collection Agency Act provides for no private right of action.

### SIXTH DEFENSE

24

Defendant is protected by litigation privilege and is granted absolute immunity from claims arising out of the method and manner in which Illinois state court pleadings are drafted, constructed and/or filed.

## SEVENTH DEFENSE

Defendant states that plaintiff's claims are barred by the *Colorado River* doctrine. *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

## EIGHTH DEFENSE

Defendant states that under the Noerr-Pennington doctrine, it is immune from suit under the FDCPA for pursuing state court litigation against plaintiff. *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961) and *United Mine Workers v. Pennington*, 381 U.S. 657 (1965) and *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508 (1972).

## NINTH AFFIRMATIVE DEFENSE

Defendant states that if judgment is entered in its favor in the underlying state court case, plaintiff's claims in this case will be barred in part, or in whole, by the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

## TENTH AFFIRMATIVE DEFENSE

Defendant states that if judgment is entered in its favor in the underlying state court case, plaintiff's claims in this case will barred in part, or in whole, by the doctrines of res judicata and collateral estoppel.

6350188v1 59845

**WHEREFORE,** defendant prays for an order and judgment of this Court in its favor against plaintiff as follows:

    1. Dismissing all causes of action against defendant with prejudice and on the merits; and

    2. Awarding defendant such other and further relief as the Court deems just and equitable.

Respectfully submitted,

By:_____s/Todd P. Stelter_____

David M. Schultz
Todd P. Stelter
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Ste 300
Chicago, IL 60601
(312) 704-3000

6350188v1 59845

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MIRIAM S. MARTINEZ, individually and on
behalf of the classes defined herein,

                Plaintiff,

       v.

RESURGENCE FINANCIAL, LLC,

                Defendants.

)
)
)
)
)
)
)
)
)
)
)

Case No. 08 CV 3519

JUDGE PALLMEYER

MAGISTRATE JUDGE MASON

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 12, 2008, I electronically filed **ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

**Dan Edelman**
dedelman@edcombs.com

                              Respectfully submitted,

                          By:_____s/Todd P. Stelter_____

David M. Schultz
Todd P. Stelter
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Ste 300
Chicago, IL 60601
(312) 704-3000

27

6350188v1 59845